UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Lisa H., | Case No. 20-cv-2061 (ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Martin O'Malley, Commissioner of Social Security, | |
| Defendant. | |

---

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("the Motion"). (Dkt. 39.) Plaintiff seeks attorney's fees under 42 U.S.C. § 406(b) in the amount of $11,854.50, related to a contingency fee agreement between Plaintiff and her legal counsel. (*Id.* ¶¶ 2, 6; *see also* Dkt. 40-1.) For the reasons stated below, the Motion is granted.

## I.   BACKGROUND

On September 28, 2020, Plaintiff filed the Complaint in this action. (Dkt. 1.) This case was remanded in March 2022. (Dkt. 31.) On remand, Plaintiff was awarded benefits. (Dkt. 39 ¶ 3 .)

On September 7, 2022, this Court awarded Plaintiff $5,193.23 in attorney fees under the Equal Access to Justice Act ("EAJA"), and costs in the amount of $400. (Dkt. 38.)

On June 15, 2024, Plaintiff received a Notice of Award from the Social Security Administration ("the SSA") awarding Plaintiff $76,218[1] in past-due benefits. (Dkt. 40-2 at 2.) The SSA withheld $19,054.50 from this amount for legal expenses, in the event the SSA needed to pay that amount to Plaintiff's representative. (*Id.*)

On June 27, 2024, Plaintiff's counsel filed the present Motion, seeking $11,854.50 in attorney's fees under 42 U.S.C. § 406(b). (Dkt. 39.) Defendant filed a response to the Motion, neither supporting or opposing the request for attorney fees but advising the Court that Plaintiff's counsel must refund to the Plaintiff the lesser of the EAJA and § 406(b) fee awards. (Dkt. 41.)

## II.   ANALYSIS

### A.   Legal Standard

The relevant statute, 42 U.S.C. § 406(b)(1), provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may

---

[1] This number accounts for the SSA's practice of rounding down to the nearest dollar. (Dkt. 40-2 at 1.)

be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1).

This section was made applicable to Supplemental Security Income fees by 42 U.S.C. § 1383(d). *See Massie v. Colvin*, No. CV 14-2888 (SRN/FLN), 2016 WL 4926443, at *2 (D. Minn. Aug. 31, 2016), *R. & R. adopted*, 2016 WL 4925782 (D. Minn. Sept. 15, 2016).

The Supreme Court has recognized that the Social Security Act has no "design to prohibit or discourage attorneys and claimants from entering into contingent-fee agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002). Instead, a court must independently determine whether attorney's fees sought under such an agreement is reasonable. *See id.* at 808. Contingency agreements are unenforceable when they require fees in excess of 25 percent of the past-due benefits, but when "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807 (citing 42 U.S.C. § 406(b)). "A reduced fee may be appropriate where the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case." *Shane T. v. Saul*, Case No. 18-cv-634 (BRT), 2020 WL 5743075, at *1 (D. Minn. Sept. 25, 2020) (citing *Gisbrecht*, 535 U.S. at 808).

When a court awards attorney's fees to a plaintiff under the EAJA and awards fees to the plaintiff's attorney under § 406(b), the attorney must refund the amount of the smaller received fee to the plaintiff. *Gisbrecht*, 535 U.S. at 789; *see also Shane T.*, 2020 WL 5743075, at *2.

**B.      Reasonableness of Fees and Costs**

Here, Plaintiff's attorney fee agreement states in relevant part:

> If my case is appealed into Federal Court, I, [Lisa H.], agree to pay 25% of past-due benefits secured for me and my dependents. The attorney fee will not be limited to $6,000.00. I, [Lisa H.], authorize the Social Security Administration to pay my attorneys their fee directly from my past due benefits.
>
> I, [Lisa H.], understand my attorney may be able to obtain attorney fees from the government under the Equal Access to Justice Act (EAJA). If a court awards me fees under the Equal Access to Justice Act, I, [Lisa H.], assign them to Mr. Kappelman . . . . If Mr. Kappelman is paid EAJA fees and back benefits (406(b) fees) for the same work, Mr. Kappelman will refund to me the lower of the two fees (EAJA and 406(b) fees) obtained.

(Dkt. 40-1.)

As stated above, Plaintiff's Notice of Award indicates that the SSA withheld $19,054.05 from (25% of) her past-due benefits to pay attorney fees. (Dkt. 40-2 at 2.) Plaintiff's counsel agrees with that calculation. (Dkt. 39 ¶ 4.) Using the monthly benefit amounts provided in the Notice of Award (Dkt. 40-2 at 1), the Court concludes that the SSA and counsel are correct that 25 percent of Plaintiff's

4

benefits is $19,054.50. Further, Defendant does not dispute that 25 percent of Plaintiff's past-due benefits would be $19,054.50. (*See* Dkt. 41.)

Plaintiff's counsel seeks a payment of $11,854.50, representing 25 percent of past-due benefits after subtracting $7,200.00, the amount sought in fees under 42 U.S.C. § 406(a). (Dkt. 39 ¶ 6.) According to Plaintiff's counsel, the payment is for at least 16.1 hours of work (as stated in the Motion) and possibly as much as 23.9 hours of work (as calculated based on the itemization of time showing 1.2, 19.3, 1.0, 1.1, 1.0, and 0.3 hours of work) performed on Plaintiff's behalf by attorneys Wes Kappelman and Kirk Thompson in connection with this action. (Dkt. 39 ¶¶ 8, 9; *see also* Dkt. 40-3 (Kappelman's and Thompson's federal court itemization of time).) Using the 23.9 hours stated in the itemization of time makes the hypothetical hourly rate for work performed by Kappelman and Thompson approximately $496.00 per hour.

An hourly rate of $496.00 is reasonable in case in light of the EAJA rates and given that the SSA stated that it withheld $19,054.50 for legal expenses as representing 25 percent of the past-due benefits award. The award is also reasonable in this case for the following reasons. First, this District has previously declined to find an effective hourly rate of $1,000, a little more than twice the amount of the EAJA rates, excessive. *See, e.g.*, *Smith v. Astrue*, No. 06-2091 (ADM/AJB), 2008 WL 2609443, at *24 (D. Minn. June 24, 2008) (declining to

5

find an effective hourly rate of $1,141.91 excessive, and approving attorney's fees of $30,066.50 from a $120,000 disability award). Even if the Court used the 16.1 hours of time, the approximate hourly rate of $736.30 would still be reasonable. Second, this District has also granted contingency fees that are exactly 25 percent of the disability award. *See Shane T.*, 2020 WL 5743075, at *2 (holding that a "$21,646.25 contingency fee from a $86,585.50 disability award is not necessarily unreasonable for Social Security case."). Here, Plaintiff entered into a contingency fee agreement with counsel in which she agreed to pay 25 percent of any past-due benefits awarded. Now, Plaintiff's counsel seeks to enforce that agreement by requesting $11,854.50, representing 25 percent of past-due benefits after subtracting $7,200.00 sought under § 406(a). (Dkt. 39 ¶ 6.) Considering that Plaintiff's attorneys' legal representation resulted in a disability benefit award, there is no indication counsel were responsible for any delay, the benefits were not large in comparison to the amount awarded, and counsel spent a reasonable amount of time on the case, the Court finds no reason to reduce the award. *See Shane T.*, 2020 WL 5743075, at *1 (citing *Gisbrecht*, 535 U.S. at 808).

However, Plaintiff's counsel must refund $5,193.23 to Plaintiff, which represents the amount of EAJA fees previously awarded to counsel. *See Gisbrecht*, 535 U.S. at 796.

## III. ORDER

Based on the above, and on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff's Motion for Attorney's Fees under 42 U.S.C. § 406(b) (Dkt. 39) is **GRANTED**;

2. Plaintiff's counsel is **AWARDED** $11,854.50 for reasonable attorney's fees; and

3. In accordance with 42 U.S.C. § 406(b) and *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), Plaintiff's counsel must refund to Plaintiff the amount of $5,193.23, which represents the EAJA fees previously awarded to counsel (*see* Dkt. 38).

Dated:   December 19, 2024            *s/Elizabeth Cowan Wright*
                                      ELIZABETH COWAN WRIGHT
                                      United States Magistrate Judge